THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELBERT HUNTER, Defendant-Appellant.

(No. 55675;

First District—January 19, 1972.

James R. Bronner, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Sternik, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Elbert Hunter, was charged with the crime of murder. After a bench trial, he was found guilty and sentenced to the Illinois State Penitentiary for a period of not less than fourteen years and not more than seventeen years. On appeal, defendant's sole contention is that he was not proven guilty beyond a reasonable doubt. The facts are as follows:

Jasper Nelson and Frank Thomas were at the 7100 block of Rhodes Avenue at approximately midnight of August 22, 1969. Nelson testified that he and Thomas were attacked by three men. Thomas and one of the attackers were fighting on the ground when Thomas was shot. Nelson saw one of the attackers holding a gun, but was unable to identify the attackers because it was too dark.

On August 23, 1969, a little after midnight, Officer McDonald was on the 7000 block of Rhodes Avenue when he heard shots fired. McDonald testified that he saw three men run across Rhodes toward 71st Street. The three men entered a 1959 Pontiac. McDonald copied down the car's license number, PN 803. The Pontiac cut across traffic with its lights out and sped away. The defendants were subsequently caught after a high speed chase.

Upon searching the car McDonald found a .22 caliber revolver under the front seat. McDonald noticed that the defendant, Hunter, had a slightly swollen eye and his shirt had grass stains on it.

On August 23, 1969, Dr. Kearns performed an autopsy on Frank Thomas and stated that the cause of death was a bullet wound. Two bullets were removed from the victim's body. A ballistics expert stated that the two bullets in the victim's body were fired from the .22 caliber revolver found under the front seat of the 1959 Pontiac.

■■ The defendant contends that the evidence failed to show on what day Frank Thomas was attacked and killed. Dr. Kearns performed an autopsy on the body of Thomas on August 23, 1969. The two bullets removed from Thomas were fired from the revolver found under the front seat of the 1959 Pontiac on August 23, 1969. Jasper Nelson testified that Thomas was shot at approximately midnight. The date of Thomas' death was sufficiently established. It is understandable why Nelson was unable

to identify the defendant as one of the attackers. Nelson stated that it was dark, but he was able to see a gun.

The defendant was placed at the scene of the crime at the time of its occurrence through the testimony of officer McDonald. McDonald testified that he saw the defendant run across Rhodes Avenue to 71st Street and enter a 1959 Pontiac. McDonald caught the defendant after a high speed chase. Upon searching the car, McDonald found a .22 caliber revolver.

The most telling evidence was that the murder was committed with the .22 caliber revolver found under the front seat of the car in which the defendant was riding.

■■ In *People v. Branion*, 47 Ill.2d 70, the Supreme Court at page 77 said: "To support a conviction based on circumstantial evidence it is essential that the facts proved be not only consistent with defendant's guilt, but they must be inconsistent with any reasonable hypothesis of innocence. (*People v. Magnafichi*, 9 Ill.2d 169; *People v. Willson*, 401 Ill. 68; *People v. Botolinski*, 383 Ill. 608; *People v. White*, 347 Ill. 576.) But the People are not required to establish it beyond the possibility of a doubt. *People v. Hanson*, 359 Ill. 266; *People v. Lucas*, 244 Ill. 603; *People v. Depew*, 237 Ill. 574; *Pate v. People*, 3 Gilm. 644."

■■ From a review of the entire record, we are of the opinion that the trial court did not err in holding that there was sufficient evidence to establish the defendant's guilt beyond a reasonable doubt.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.